# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | | |
|---|---|---|
| DANIEL A. BURROUGHS, | ) | |
| | ) | |
| Appellant, | ) | |
| | ) | C.A. No.: K24A-06-003 RLG |
| v. | ) | |
| | ) | |
| KENT COUNTY | ) | |
| ASSESSMENT OFFICE, | ) | |
| | ) | |
| Appellee. | ) | |

**Submitted: January 24, 2025**
**Decided: May 15, 2025[1]**

## MEMORANDUM OPINION AND ORDER

*Appeal of a Decision by the Board of Assessment Review*
**AFFIRMED**

*Pro Se* Appellant.

Craig Eliassen, Esquire, Schmittinger & Rodriguez, P.A., Dover, Delaware.
*Attorney for Appellee.*

**GREEN-STREETT, J.**

---

[1] The transcript from the hearing in this matter was requested by the Court on January 24, 2025, the same day as oral argument, but was not received until April 8, 2025.

## I.    Introduction

A Kent County property owner appealed the assessed value of his property to the Board of Assessment Review. After a hearing before the Board, the Board reduced the owner's tax assessment. The owner appealed to this Court, contending the new tax assessment continued to overvalue his property substantially. As the Board's decision was supported by substantial evidence and free from legal error, its decision is **AFFIRMED**.

## II.    Factual and Procedural Background

Appellant Daniel Burroughs appealed the tax assessment for two of his properties located in Kent County – 104 North Bay Drive ("Property 1") and 3003 Kitts Hummock Road ("Property 2").[2] On May 6, 2024, Mr. Burroughs, proceeding *pro se*, attended a review hearing before the Kent County Board of Assessment (the "Board") to seek a lower assessed value on those two properties. The Board heard testimony from Mr. Burroughs, as well as from a representative from Tyler Technologies, the company that performed the assessment.[3] Mr. Burroughs provided the valuation of several comparable properties, and pointed out facts pertinent to his properties that he believed justified a lower assessment.[4]

---

[2] Transcript of Hearing before the Kent County Board of Assessment Review at 3 (hereinafter, "Tr. of Hearing at _").

[3] Answering Br. at 2.

[4] Tr. of Hearing at 4-7.

Specifically, Mr. Burroughs noted a material amount of the land encompassed by Property 1 lies within the "velocity zone," an area of land near the beach where Mr. Burroughs cannot build.[5] Mr. Burroughs further argued that the land value of Property 1 would be substantially lowered if anything happened to the building on Property 1, as he would be unable to rebuild due to Property 1's building proximity to other properties and the narrowness of his lot.[6] As to Property 2, Mr. Burroughs explained he acquired that lot in addition to four other adjacent lots for a total of $215,000.00 – rendering the assessed value of $105,000.00 for one lot untenably high.[7]

The representative from Tyler Technologies supplied the valuations of other comparable properties.[8] Tyler Technologies also refuted some of the bases for reducing the assessed value asserted by Mr. Burroughs.[9] Tyler Technologies posited that its assessments were valued at what the properties would command on the market if they were sold "as is."[10] Accordingly, the assessments valued the land

---

[5] Id. at 3.

[6] Id. at 4.

[7] Id. at 14.

[8] Id. at 9-10.

[9] Id.

[10] Id. at 12.

higher because there were buildings located on the properties that a similarly-situated property would be unable to build on a vacant lot today.[11] Based in part on Tyler Technologies' agreement with some of Mr. Burroughs's advocacy, however, Tyler Technologies adjusted its proposed tax assessment of Property 1 from $328,100.00 down to $303,800.00, and of Property 2 from $470,600.00 down to $353,500.00.[12] The Board unanimously adopted those proposed reassessments.[13]

Mr. Burroughs filed a Notice of Appeal of the Board's decision to this Court on June 17, 2024.[14] The Board subsequently filed a Motion to Dismiss, asserting that Mr. Burroughs filed his appeal one day past the statutory deadline.[15] Less than a week later, the Board filed a letter with the Court withdrawing its Motion to Dismiss.[16]

Mr. Burroughs filed his Opening Brief on August 7, 2024.[17] The Board filed its Answering Brief on August 26, 2024.[18] Mr. Burroughs filed his Reply Brief on

---

[11] Id.

[12] Id. at 2, 20-21.

[13] Ex. A-A to Answering Br.

[14] D.I. 1 (June 17, 2024).

[15] D.I. 9 (July 25, 2024).

[16] D.I. 11 (July 29, 2024).

[17] D.I. 12 (Aug. 7, 2024).

[18] D.I. 13 (Aug. 26, 2024).

September 5, 2024.[19] After receiving the complete appeal packet, the Court scheduled oral argument for the matter on November 11, 2024.[20] At the Board's request, the Court deferred oral argument until January 24, 2025.[21]

During oral argument, Mr. Burroughs propounded an elaborate and thorough presentation, utilizing extensive demonstratives and visual aids. Mr. Burroughs highlighted several aspects of the tax assessment process that he argued were procedurally unfair.[22] He provided a rebuttal of the sales comparisons relied on by Tyler Technologies.[23] He supplied new sales comparisons that were not considered by the Board.[24] Mr. Burroughs also offered a more detailed explanation of velocity zones and their perceived effect on property value.[25]

The Board noted that much of Mr. Burroughs's presentation contained evidence and arguments not presented to the Board at the hearing below.[26] The

---

[19] D.I. 14 (Sept. 5, 2024).

[20] D.I. 16 (Oct. 16, 2024).

[21] D.I. 17 (Oct. 16, 2024) (letter from the Board's counsel requesting a later date for oral argument); D.I. 18 (Oct. 16, 2024) (the Court's Order rescheduling the hearing).

[22] Transcript of Oral Argument at 12 (hereinafter, "Tr. of OA at _").

[23] Id. at 27-29.

[24] Id. at 27-30, 50-56.

[25] Id. at 28-31.

[26] Id. at 35.

Board summarized the reassessment process, and reiterated its decisional reasons for adopting the revised assessments provided by Tyler Technologies.[27] It stressed the concept that, although a tax assessment might provide a breakdown of the individual value of the land and any structures on the land, the total value represents a wholistic view of the entire property.[28] The Board concluded by noting that some of the evidence presented by Mr. Burroughs might have proved persuasive had it been introduced to the Board at its review hearing.[29] As that evidence was not entered as part of the record below, however, the Board contended, "that ship sailed."[30]

## III. Standard of Review

9 Del. C. § 8312(c) governs this Court's review of the Board's decision. This Court reviews the Board's decision "for errors of law, and to determine whether substantial evidence exists to support the Board's findings of fact and conclusions of law."[31] Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."[32] "In reviewing the record for

---

[27] Id. at 76-78.

[28] Id. at 81.

[29] Id. at 82.

[30] Id.

[31] New Cingular Wireless PCS v. Sussex Cnty. Bd. of Adjustment, 65 A.3d 607, 610 (Del. 2013).

[32] Lorah v. Home Helpers, Inc., 21 A.3d 596 (Del. 2011) (TABLE) (citing Oceanport Indus., Inc. v. Wilmington Stevedores, Inc., 636 A.2d 892, 899 (Del. 1994)); see also Lively v. Dover Wipes Co., 2003 WL 21213415, at *1 (Del. Super. May 16, 2023) (quoting Onley v. Cooch, 425 A.2d

6

substantial evidence, the Court will consider the record in the light most favorable to the party prevailing below."[33]

This Court "does not independently weigh the evidence, determine questions of credibility[,] or make its own factual findings."[34] "The decision of each board of assessment … shall be *prima facie* correct[,] and the burden of proof shall be on the appellant to show that [the Board] acted contrary to law, fraudulently, arbitrarily[,] or capriciously."[35] "[T]he owner's evidence must not only be competent; it must be sufficient to show a substantial overvaluation."[36] This Court may reverse the Board's decision only if "the Board's findings are clearly wrong and its conclusions [are] not the product of an orderly and logical deductive process."[37]

---

610, 614 (Del. 1981) (defining "substantial evidence" as "more than a scintilla but less than a preponderance[.]")).

[33] Spence v. Kent Cnty. Bd. of Assessment, 2019 WL 6483389, at *1 (Del. Super. Nov. 27, 2019) (citing Gen Motors Corp. v. Guy, 1991 WL 190491, at *3 (Del. Super. Aug. 16, 1991)).

[34] Lorah, 21 A.3d at 596 (citing Johnson v. Chrysler Corp., 213 A.2d 64, 66 (Del. 1965)).

[35] 9 Del. C. § 8312(c).

[36] Fitzsimmons v. McCorkle, 59 Del. 94, 99, 214 A.2d 334, 337 (1965).

[37] Tatten Partners, L.P. v. New Castle Cnty. Bd. of Assessment Rev., 642 A.2d 1251, 1256 (Del. Super. 1993), aff'd sub nom. New Castle Cnty. v. Tatten Partners, L.P., 647 A.2d 382 (Del. 1994).

## IV.    **Analysis**

The statutory framework guiding this Court's consideration of Mr. Burroughs's appeal limits the question before the Court to whether the Board's findings are clearly wrong based on the evidence presented to the Board at Mr. Burroughs's review hearing. Any issues not raised at or before Mr. Burroughs's review hearing are not properly before this Court, and thus cannot be considered as part of this appeal. Accordingly, Mr. Burroughs's contentions regarding the fairness of the general tax assessment process; the timing of Kent County announcing the applicable tax rate and Mr. Burroughs's resulting tax burden; the fairness of the appeal process; and the accuracy of the listed acreage of his property cannot be addressed through this appeal.

The Court may, however, permit Mr. Burroughs – or the Board – "to present any new or different evidence pertinent to the matter."[38]  That evidence's limited purpose must be aimed at showing that the Board committed an error of law or failed to rely on substantial evidence.  New evidence – with the sole purpose of undermining the evidentiary weight or credibility assessment by the Board – cannot be used to second-guess the Board's decision making below.

---

[38] 9 <u>Del</u>. <u>C</u>. § 8312(c).

During the review hearing, the Board heard evidence from Mr. Burroughs regarding sales and listings of properties he deemed comparable. Mr. Burroughs also testified to various deficiencies in his properties he felt were uncaptured by the assessment, including: (1) the width of Property 1; (2) an inability to build in "the velocity zone" between Property 1 and the beach; (3) the current state of the real estate market; and (4) the proximity of Property 2 to nearby wetlands.[39] A representative from Tyler Technologies responded with: (1) the properties he used as comparisons; and (2) the adjustments he deemed appropriate based on the location and size of Mr. Burroughs's respective properties. A member of the Board explained that, because a structure already existed on Property 1, the owner of that property would be free to rebuild the structure if necessary.[40]

The Board accepted the revised assessment values provided by Tyler Technologies – a net decrease in the assessed value of Property 1 of $24,300.00, and a net decrease in the assessed value of Property 2 of $118,100.00.[41] The Board explained that it found the comparison sales provided by Tyler Technologies to be

---

[39] Tr. of Hearing at 6-15.

[40] Tr. of Hearing at 12-13.

[41] The original assessed value of Property 1 was $328,100.00. The original assessed value of Property 2 was $470,600.00. Tr. of Hearing at 1. The revised assessment of Property 1 is $303.800.00. The revised assessment of Property 2 is $352,500.00. Def.'s Ex. A-A at 2.

appropriate comparisons to the subject properties.[42] Further, the Board noted the valuation "[was] based on the value of what can be done today, or what can be sold today." The Board concluded that any necessary adjustments to the land value based upon the evidence presented to it were captured in the revised assessments.[43]

9 Del. C. § 8312(c) requires this Court to consider the Board's assessment "*prima facie* correct." A review of Delaware law illustrates the substantial evidentiary burden property owners must overcome to prevail on appeal.[44] Most successful appellants either utilized the testimony of an expert witness,[45] or effectively highlighted that the Board failed to consider an essential element of the property's value.[46] Demonstrating that the Board's assessment substantially overvalues the property – as required to succeed on appeal – requires showing that the Board acted "contrary to law, fraudulently, arbitrarily, or capriciously."[47]

---

[42] Tr. of Hearing at 21.

[43] Id. at 22; see also Def.'s Ex. A-A at 2.

[44] Seaford Assocs., L.P. v. Bd. of Assessment Rev., 539 A.2d 1045, 1047 (Del. 1988).

[45] See id.; see also Fitzsimmons, 214 A.2d at 336–37 (1965).

[46] See 1313 Owner LLC v. New Castle Cnty. Off. of Fin., Assessment Div., 2020 WL 499227, at *16 (Del. Super. Jan. 30, 2020).

[47] Seaford Assocs., L.P., 539 A.2d at 1047.

"When reviewing an agency decision, [the Court] does not weigh the evidence, determine questions of credibility, or make its own factual findings."[48] Mr. Burroughs's appeal centers on the weight the Board attributed to the testimony presented at the hearing. Although he presented evidence supporting his proposed valuation, Tyler Technologies presented evidence rebutting that valuation. The Board, based on its acceptance of Tyler Technologies' revised assessment, assigned greater weight to the testimony of Tyler Technologies. That determination does not evidence an "arbitrary or capricious decision."[49] Rather, the record before the Court indicates the Board engaged in an orderly and logical deductive process. The Board considered the adjustments suggested by Mr. Burroughs, and adjusted the assessed value how it deemed most appropriate.

This Court must defer to the Board's factual determinations absent a showing that such determinations are contrary to law.[50] Mr. Burroughs contends the comparable property valuations he provided "fully support [his] position."[51]

---

[48] E.I. Dupont De Nemours & Co. v. Faupel, 859 A.2d 1042, 1046 (Del. Super. 2004), aff'd sub nom. E. I. Dupont De Nemours & Co. v. Faupel, 860 A.2d 810 (Del. 2004).

[49] Brandywine Innkeepers, L.L.C. v. Bd. of Assessment Rev. of New Castle Cnty., 2005 WL 1952879, at *4 (Del. Super. June 3, 2005) (defining an arbitrary or capricious decision as "willful and unreasonable and without consideration or in disregard of the facts.").

[50] Id.

[51] Opening Br. at 3.

Statutory and decisional law, however, prevent this Court from disturbing the factual findings of the Board solely based on a disagreement over which comparison values the Board could have assigned greater weight or credibility.

Mr. Burrough's detailed presentation to this Court during oral argument contained a substantial amount of evidence not presented to the Board. The Court agrees with the Board's position that some of this evidence could have persuaded the Board to lower the assessed value of Mr. Burroughs's properties further.[52] At this stage, however, that evidence solely highlights the weight assigned by the Board to the testimony presented to it at the review hearing.

The Court sympathizes with *pro se* appellants – especially one as prepared as Mr. Burroughs – for the difficulties they may experience based on procedural requirements that are unfamiliar to them. Evidence that might have proved persuasive at the review hearing, but that Mr. Burroughs did not introduce at that time, cannot be considered now by this Court to evaluate the evidentiary weight assigned by the Board below. This Court cannot disturb the Board's weighing of the evidence, absent some showing that the Board acted contrary to law, fraudulently, arbitrarily, or capriciously. No such showing has been made.

---

[52] Tr. of OA at 81-82.

## V.    <u>Conclusion</u>

To successfully appeal the Board's decision, Mr. Burroughs must present evidence that the Board acted contrary to law, fraudulently, arbitrarily, or capriciously. As his appeal focuses almost exclusively upon the weight the Board assigned to the evidence presented to it, he has failed to meet the high evidentiary burden placed upon him by statute. The Board's decision is supported by substantial evidence and free of legal error. Accordingly, the Board's decision is **AFFIRMED**.

**IT IS SO ORDERED.**

_____
Reneta L. Green-Streett, Judge